# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT J. SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. HERNANDEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01267-DAD-SAB (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF Nos. 19, 22)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Delbert J. Smith is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for leave to file an amended complaint.

## I.

## PROCEDURAL HISTORY

Plaintiff filed the complaint in this action on August 26, 2016. (ECF No. 1.) The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), and found that it stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Hernandez, Cramer, and Zuniga. (ECF No. 6.) On October 13, 2016, an order issued requiring Plaintiff to either file an amended complaint or notify the Court that he wished to proceed only on those claims that were found to be cognizable. (Id.) On October 26, 2016 an order issued directing service on Defendants Hernandez, Cramer, and Zuniga and dismissing all other claims and defendants from this action. (ECF No. 8.)

1

Defendants Hernandez, Cramer, and Zuniga were served with the complaint and filed an answer on January 31, 2017. (ECF Nos. 14, 16.) On February 1, 2017, the discovery and scheduling order issued setting the pretrial deadlines in this action. (ECF No. 17.) On February 13, 2017, Plaintiff filed a motion to amend his complaint and a first amended complaint was lodged. (ECF Nos. 18, 19.) On February 24, 2017, Defendants filed an opposition to the motion to amend the complaint. (ECF No. 22.)

## II.

## MOTION FOR LEAVE TO AMEND

Plaintiff brings his motion for leave to amend stating that although the Court found his excessive force claims to be cognizable, after receiving help from other prisoners, he realizes he did not plead unlawful intent by the defendants in his complaint. Plaintiff seeks to amend his complaint to correct his perceived deficiencies in the complaint.

Defendants oppose the motion on the ground that Plaintiff has added new claims related to denials of water, food, and medical without identifying the specific defendant's actions related to these claims. Defendants contend that since Plaintiff has failed to allege any additional claims, leave to amend the complaint should be denied on the ground of futility.

### A.  Legal Standard for Granting Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

In determining whether to exercise its discretion to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D.

Cal. 2014), appeal dismissed (Feb. 25, 2015). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.; see also Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999) (the analysis should be performed with all inferences in favor of granting leave to amend).

### B.    Allegations in First Amended Complaint

Plaintiff is an African-American inmate in the custody of the California Department of Corrections and Rehabilitation. (First Am. Compl. ("FAC") ¶ 1, ECF No. 19.) At the time of the incidents alleged in the complaint, Plaintiff was housed at the California Correctional Institute, Tehachapi ("CCI Tehachapi"). (FAC ¶ 1.)

On March 1, 2016, Plaintiff was placed in an administrative segregation housing unit with a broken hand after a fight with a Sureno gang member. (FAC ¶ 1.) After hours of crying "Man Down" to get medical attention, Plaintiff was handcuffed by a group of Hispanic correctional officers and taken to the sally-port where he was kicked and beaten while in handcuffs, thrown back into his cell, and told not to tell about the beating or he would be beaten again. (FAC ¶ 2.) Officer C. Hernandez, who was the primary officer who beat Plaintiff, called him a "black nigger" before putting Plaintiff back in handcuffs. (FAC ¶ 2.) There were four other officers who participated in beating and kicking Plaintiff while he was handcuffed and on the ground. (FAC ¶ 2.)

Plaintiff remained in his cell for the next five hours crying out for help continuously. (FAC ¶ 3.) Plaintiff was again handcuffed, taken across the yard, and without any provocation on Plaintiff's part, he was told to stop resisting. (FAC ¶ 3.) Plaintiff was placed in a chokehold, thrown on the ground, and beaten with batons by Officer Zuniga and other officers. (FAC ¶ 3.) Plaintiff's teeth were broken and he received bloody flesh wounds and has scarring on his back and bicep from the beatings. (FAC ¶ 3.) Plaintiff was taken to Medical where he was given medication and placed back in his cell. (FAC ¶ 3.)

On March 2, 2016, Officer Cramer came to Plaintiff's cell and informed him that Plaintiff

1  was to be taken to Mental Health.  (FAC ¶ 4.)  Officer Cramer tightened the handcuffs so hard
2  that Plaintiff reacted by demanding that he speak to a lieutenant.  (FAC ¶ 4.)  Officer Cramer
3  responded by lobbing two pepper spray foggers into Plaintiff's cell.  (FAC ¶ 4.)  Officer Cramer
4  wrote a report stating that Plaintiff had initially complied with the request to be handcuffed, but
5  after getting one handcuff on Plaintiff, Plaintiff yanked his hand back, pulling Officer Cramer's
6  hand through the food port door at which time Officer Cramer used his other hand to deploy
7  pepper spray.  (FAC ¶ 4.)  Plaintiff contends that Officer Cramer used two hands to deploy the
8  pepper spray and if Officer Cramer's hand and body occupied the food port as he claims, there
9  would not be enough space in the food port to maneuver the pepper spray.  (FAC ¶ 4.)  Plaintiff
10 also contends that the pepper spray foggers are routinely kept in a secured cabinet and the fact
11 that Officer Cramer had it on his person at the time he came to do the medical escort
12 demonstrates that he intended to use excessive force on Plaintiff.  (FAC ¶ 4.)

13      Plaintiff alleges that two cans of pepper spray were thrown into his cell, and the two
14 foggers were so suffocating that he almost passed out.  (FAC ¶ 4.)  Plaintiff was then sprayed
15 with pepper spray, taken to a standing cage, and left there from morning to sunset with the
16 pepper spray still burning in his eyes, throat, and wounds without water, meals, or bathroom
17 breaks for the entire day.  (FAC ¶ 4.)  Plaintiff was forced to urinate on himself.  (FAC ¶ 5.)

18      At sunset, Plaintiff was placed before a lieutenant, who before conducting a video
19 interview, told Plaintiff that, if he would say no comment to the questions asked about what
20 happened, the lieutenant would allow Plaintiff to see mental health.  (FAC ¶ 6.)  Plaintiff
21 complied and it was not until Plaintiff became suicidal that he was allowed to be alone with a
22 clinician.  (FAC ¶ 6.)  It was at this time that Plaintiff told what had occurred and, in fear for his
23 life, begged to be transferred from CCI Tehachapi.  (FAC ¶ 6.)

24      After Plaintiff was transferred from CCI Tehachapi to California State Prison, Lancaster,
25 officials at CCI Tehachapi had Plaintiff written up for battery on Officer Cramer and offered
26 Plaintiff a short term secured housing unit term in exchange for a guilty plea.  (FAC ¶ 6.)  When
27 Plaintiff refused, Plaintiff's case was referred for prosecution to Kern County.  (FAC ¶ 6.)
28 Plaintiff has pled not guilty in the case, maintains his innocence, and intends to go to trial.  (FAC

¶ 6.)

Plaintiff is seeking $7,000,000.00 in damages and for this matter to be referred for criminal prosecution of the defendants. (FAC ¶ 6.)

### C. Futility Justifies Denying Plaintiff's Motion to File the Amended Complaint

As stated above, in determining whether to grant leave to amend, the court considers the factors of: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." To decide whether it would be futile to allow Plaintiff to file an amended complaint, the Court considers whether Plaintiff's lodged first amended complaint states a cognizable claim. In determining whether a complaint states a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

This action is currently proceeding on Plaintiff's excessive force claims against Defendants Hernandez, Cramer, and Zuniga. (ECF No. 6.) Plaintiff moves for leave to amend his complaint to include additional facts to demonstrate that the defendants' conduct was unlawful, however Plaintiff's complaint sufficiently alleged claims of excessive force against

Defendants Hernandez, Cramer, and Zuniga.  Plaintiff's lodged first amended complaint states that Plaintiff is bringing this action for excessive force in violation of the Eighth Amendment, but Plaintiff includes additional facts that relate to claims other than the excessive force claims that are proceeding in this action.  However, Plaintiff has not linked the new acts alleged in the first amended complaint to any named defendant.  Further, Plaintiff has changed the factual basis for his claim against Defendant Cramer.  Accordingly, the Court finds that it is futile to grant Plaintiff leave to file the lodged first amended complaint because Plaintiff has failed to state claims based upon the new facts alleged.

Although the Court shall deny Plaintiff's motion for leave to file the first amended complaint lodged on February 19, 2017 on the ground of futility, Plaintiff shall be granted an opportunity to file a first amended complaint to allege claims that may be properly joined in this action.  The Court provides Plaintiff with the legal standards that appear to apply to the facts alleged in the lodged first amended complaint.

### D. Legal Standards

#### 1. Section 1983 Claims

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability under section 1983, and therefore, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Iqbal, 556 U.S. at 677.  To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id.; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff's lodged first amended complaint contains factual allegations which could be sufficient to state a claim, however, Plaintiff did not link any individual to the action and does

1 not state he is bringing any claims other than his excessive force claims.  For example, Plaintiff
2 alleges that he was left standing in a cell for hours without being decontaminated after being
3 pepper sprayed, and without food, water, or bathroom breaks which forced him to urinate on
4 himself.  But Plaintiff does not link any individual to these acts nor does he seek to bring an
5 Eight Amendment claim based on these facts.  Also, Plaintiff alleges that after he yelled "man
6 down" for hours trying to get medical help, Defendant Hernandez called him a "black nigger"
7 before handcuffing him, beating and kicking him, and then threatening to beat Plaintiff again, but
8 states he is only bringing a claim for excessive force.  If Plaintiff is not seeking to bring other
9 claims in this lawsuit, then these facts which are irrelevant as to whether excessive force was
10 used by the defendants should not be included in any amended complaint.

   2.   Eighth Amendment

The Eighth Amendment prohibits inhumane methods of punishment and inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  Conditions must not involve the wanton and unnecessary infliction of pain, Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted), thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment, Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

   a.   **Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and

wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

### b. Deliberate Indifference to Conditions of Confinement

While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope, 536 U.S. at 737; Rhodes, 452 U.S. at 346.

To prove a violation of the Eighth Amendment, the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Thomas, 611 F.3d at 1150 (quoting Farmer, 511 U.S. at 844). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731.

### c. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is

"whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley v. Albers, 475 U.S. 312, 321 (1986). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Hudson, 503 U.S. at 7; Wilkins, 559 U.S. at 37-38. The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force. Hudson, 503 U.S. at 9-10.

### 3. Equal Protection

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. Wolff v. McDonell, 418 U.S. 539, 556 (1974); see also Turner v. Safley, 482 U.S. 78, 84 (1987); Bell v. Wolfish, 441 U.S. 520, 545 (1979). There are two ways for a plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis

for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

### 4. Criminal Prosecution of Defendants

Plaintiff requests that the Court effect referral for criminal prosecution of the defendants in this action. To the extent that Plaintiff seeks to have the Court order that these defendants be criminally prosecuted, the United States Constitution delegates powers of the Federal Government into three defined categories: the Legislative Branch, the Executive Branch, and the Judicial Branch. Bowsher v. Synar, 478 U.S. 714, 721 (1986). It is the Executive Branch of the United States that has exclusive authority and absolute discretion to decide whether to prosecute a case. United States v. Nixon, 418 U.S. 683, 693 (1974). As the Judicial Branch, this Court does not have the power to ensure that a civil litigant is criminally prosecuted.

### 5. Joinder

Finally, a basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that if he chooses to amend his complaint each claim that is raised in his amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same

transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

### III.

### CONCLUSION AND ORDER

As Plaintiff has failed to state any additional cognizable claims and has changed the factual basis for some of the claims proceeding in this action, Plaintiff's motion to file the lodged amended complaint shall be denied. However, given the liberal nature of Rule 15, the Court finds that Plaintiff should be granted an opportunity to file an amended complaint in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a first amended complaint is GRANTED IN PART AND DENIED IN PART as follows;
    a. Plaintiff's motion to file the first amended complaint, lodged February 13, 2017 is DENIED;
    b. Plaintiff is GRANTED leave to file a first amended complaint;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
3. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will proceed on the claims found to be cognizable in the October 13, 2016 screening order.

IT IS SO ORDERED.

Dated: __**July 17, 2017**__

UNITED STATES MAGISTRATE JUDGE

11