# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT J. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>C. HERNANDEZ, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01267-DAD-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM<br><br>(ECF No. 31) |

## I.

## INTRODUCTION

Plaintiff Delbert J. Smith is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case currently proceeds on Plaintiff's complaint for excessive force in violation of the Eighth Amendment against Defendants Hernandez, Cramer, and Zuniga. The claims arise out of Plaintiff's allegations that he was assaulted on March 1, 2016 and March 2, 2016 while housed at CCI Tehachapi.

Currently before the Court is Plaintiff's motion for issuance of a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45, filed on July 26, 2017. (ECF No. 31.) Defendants filed an opposition to Plaintiff's motion on August 14, 2017. (ECF No. 35.) No reply was filed within the time permitted, and the motion is deemed submitted. Local Rule 230(l).

## II.

## DISCUSSION

Plaintiff seeks the issuance of a subpoena duces tecum to the warden of CCI Tehachapi, for documents, including cell lock/unlock records, surveillance camera footage, employee records of 602/staff complaints, D.O.M. procedures, and standing cage/cell time logs. Plaintiff's requests are individually set forth and numbered 3A through 3H in the subpoena request.

1    Defendants object to the request for issuance of the subpoena duces tecum, arguing that a subpoena would shorten the time for a response, circumvent court orders on the subpoena process, and that the materials should have been sought from Defendants through a request for production. Defendants also raise some specific objections to the requests themselves.

Defendants having agreed that the request should have been directed at them, the Court orders Defendants to produce the materials sought by Plaintiff, as follows:

<u>Plaintiff's Request 3A</u>:  Cell lock/unlock schedule records with times of lock/unlock from control tower, for A-Yard, Housing Unit 6B, Cell #105, on March 1, 2016, from 5:00 p.m. to 11:59 p.m. Correctional Officer N. Gonzales was the assigned officer at this date and time.

<u>Plaintiff's Request 3B</u>:  Surveillance camera footage from A-Yard Building 6B sally port camera, from the time of 8:00 p.m. to 9:00 p.m. on March 1, 2016.

<u>Plaintiff's Request 3C</u>:  Surveillance camera footage from A-Yard, showing route from Building 6B to A-Yard main medical area, from the time of 11:30 p.m. to 11:59 p.m., on March 1, 2016.

<u>Plaintiff's Requests 3D</u>:  Surveillance camera footage from Housing Unit 6B, A-Yard, Cell #105 from 8:00 a.m. to 2:00 p.m. on March 2, 2016.

<u>Plaintiff's Request 3E</u>:  All documents in the personnel files of Defendants Hernandez, Zuniga, and Cramer regarding 602/staff complaints against them for allegations of excessive force on an inmate or inmates, from 2006 through and including 2016.

Plaintiff sought all employee records of 602/staff complaints filed against Defendants Hernandez, Zuniga and Cramer. Defendants' objections that the request is overbroad in scope and unduly burdensome are sustained. In light of Plaintiff's pro se status, the request is narrowed as stated above.

<u>Plaintiff's Request 3F</u>:  D.O.M. procedure for "non-responsive" and "man down" emergency procedures.

<u>Plaintiff's Request 3G</u>:  Standing cage/cell "time log" for Plaintiff conducted by Correctional Officer Crawford on G-Yard, Sergeant's Office on March 1, 2016 from 5:00 a.m. to 5:30 p.m.

1     <u>Plaintiff's Request 3H</u>: Standing cage/cell "time log" for Plaintiff for A-Yard cafeteria standing cage/cell on March 2, 2016.

    Defendants shall produce the materials described above to Plaintiff within forty-five (45) days of the date of service of this order.

    Defendants object that privileges may apply to some of the documents and information requested here, or the materials may be withheld based on the safety and security of the institution. Defendants are warned that privileges are narrowly construed and disfavored. Any information which Defendants assert should be redacted, or documents withheld, must be set forth on a detailed privilege log to be filed with the Court within the time set forth for responses, below. The privilege log must contain a description of the material or information withheld, the privilege asserted, and the basis for the privilege. Defendants shall also provide the withheld materials themselves to the Court for in-camera review. The Court will determine whether such materials may be withheld on privilege grounds or on the basis of safety and security.

### III.
### CONCLUSION

    Accordingly, Plaintiff's motion for issuance and service of a subpoena duces tecum is DENIED. Defendants are directed to produce the materials requested by Plaintiff as set forth above within forty-five (45) days of the date of service of this order.

IT IS SO ORDERED.

Dated: __**September 26, 2017**__

UNITED STATES MAGISTRATE JUDGE