# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT J. SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. HERNANDEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01267-DAD-SAB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS**<br><br>(ECF No. 32)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Delbert J. Smith is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's first amended complaint.

**I.**

**PROCEDURAL HISTORY**

Plaintiff filed the complaint in this action on August 26, 2016. (ECF No. 1.) The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), and found that it stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Hernandez, Cramer, and Zuniga. (ECF No. 6.) On October 13, 2016, an order issued requiring Plaintiff to either file an amended complaint or notify the Court that he wished to proceed only on those claims that were found to be cognizable. (Id.) On October 26, 2016, an order issued directing service on Defendants Hernandez, Cramer, and Zuniga and dismissing all other claims and defendants from this action. (ECF No. 8.)

1

| | |
|---|---|
| 1 | Defendants Hernandez, Cramer, and Zuniga were served with the complaint and filed an |
| 2 | answer on January 31, 2017. (ECF Nos. 14, 16.) On February 1, 2017, the discovery and |
| 3 | scheduling order issued setting the pretrial deadlines in this action. (ECF No. 17.) On February |
| 4 | 13, 2017, Plaintiff filed a motion to amend his complaint and a first amended complaint was |
| 5 | lodged. (ECF Nos. 18, 19.) On February 24, 2017, Defendants filed an opposition to the motion |
| 6 | to amend the complaint. (ECF No. 22.) On July 18, 2017, Plaintiff's motion to file a first |
| 7 | amended complaint was granted in part and denied in part and Plaintiff was ordered to file first |
| 8 | amended complaint within thirty days. (ECF No. 30.) Plaintiff filed his first amended complaint |
| 9 | on August 3, 2017. (ECF No. 32.) Defendants' filed a request to have the first amended |
| 10 | complaint screened and an extension of time to respond which was granted on September 5, |
| 11 | 2017. (ECF Nos. 33, 34.) |

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d

2

1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## ALLEGATIONS IN FIRST AMENDED COMPLAINT

Plaintiff is an African-American inmate in the custody of the California Department of Corrections and Rehabilitation. (First Am. Compl. ("FAC") ¶ 1, ECF No. 32.) At the time of the incidents alleged in the complaint, Plaintiff was housed at the California Correctional Institute, Tehachapi ("CCI Tehachapi"). (FAC ¶ 2.)

On March 1, 2016, Plaintiff was placed in an administrative segregation housing unit with a broken hand after a fight with a Sureno gang member. (FAC ¶ 2.) After hours of crying "Man Down" to get medical attention, Plaintiff was handcuffed by Officer C. Hernandez and a group of 5 to 6 Hispanic correctional officers took him to the sally-port where he was kicked and beaten while in handcuffs, thrown back into his cell, and told not to tell about the beating or he would be beaten again. (FAC ¶ 3.) Officer C. Hernandez, who was the primary officer who beat Plaintiff, called him a "black nigger" before putting Plaintiff back in handcuffs. (FAC ¶ 3.) There were four other officers who participated in beating and kicking Plaintiff while he was handcuffed and on the ground. (FAC ¶ 3.)

Plaintiff remained in his cell for the next five hours, until 11:00 p.m. or thereafter crying out for help continuously from his cell. (FAC ¶ 4.) Plaintiff was again handcuffed, this time by Officer Flores-Alvarenga, Officer Zuniga, and other unidentified officers and taken across the yard. (FAC ¶ 4.) Without any provocation on Plaintiff's part, he was told to stop resisting and was placed in a chokehold, thrown on the ground, and beaten with steel batons by Officer Flores-Alvarenga, Officer Zuniga, and other unidentified officers. (FAC ¶ 4.) As a result of the

beating, Plaintiff lost a tooth, received bloody flesh wounds on his head, face, scarring on his back and bicep, and suffers from post-traumatic stress disorder. (FAC ¶ 4.) Plaintiff was told by Officer Flores-Alvarenga and Officer Zuniga not to tell of the beating or he would be beaten to death. (FAC ¶ 4.) Plaintiff was taken to Medical where he was given Tylenol and placed back in his cell in excruciating pain. (FAC ¶ 4.)

On March 2, 2016, Officer Cramer came to Plaintiff's cell and informed him that Plaintiff was to be taken to A-Yard Mental Health. (FAC ¶ 5.) During his eleven years of incarceration, Plaintiff asserts that he has never had any mental health issues. (FAC ¶ 5.) Plaintiff was immediately suspicious so he was reluctant to comply with being handcuffed. (FAC ¶ 5.) Eventually, Plaintiff complied by backing up to the tray slot backwards and placed both arms in the small tray slot for handcuffing as per policy. (FAC ¶ 5.) Officer Cramer responded by twisting Plaintiff's fractured, swollen, and painful right hand causing it to snap. (FAC ¶ 5.) Plaintiff felt an immediate and sharp pain shoot up his arm causing him to involuntarily pull both arms back into his cell and cry out in pain his left hand in the cuffs. (FAC ¶ 5.)

Officer Cramer began yelling racial slurs and cursing and told Plaintiff to surrender the handcuffs to him by placing his hands and arms back through the tray slot. (FAC ¶ 5.) Plaintiff did not comply but instead demanded to speak to a lieutenant. (FAC ¶ 5.) Officer Cramer disappeared briefly and returned to lob two pepper spray grenades into Plaintiff's cell through the tray slot. (FAC ¶ 5.) Officer Cramer wrote a false report stating that Plaintiff had initially complied with the request to be handcuffed, but that after putting on one handcuff, Plaintiff yanked his hand back pulling Officer Cramer's hand through the tray slot and yelled "FUCK YOU!!!" and that only one pepper spray grenade was lobbed into Plaintiff's cell. (FAC ¶ 5.) Plaintiff contends that Officer Cramer could not have deployed the pepper spray with one hand as two hands are required to deploy the grenade. (FAC ¶ 5.) Further, Plaintiff alleges that if Officer Cramer's body was in front of the tray slot there would have not been enough room to deploy the grenades and the grenades are not routinely carried on the officer, but must be obtained from a secured cabinet. (FAC ¶ 5.)

Plaintiff alleges that the two pepper spray grenades thrown into his cell were so

suffocating that he passed out. (FAC ¶ 5.) The next thing Plaintiff remembers is being revived and dragged out of his cell by correctional officers with bloody knees and burning all over. (FAC ¶ 5.)

At sunset on March 2, 2016, Plaintiff was placed before a lieutenant, who before turning on the camera, told Plaintiff that if he would say no comment to the questions asked about what happened the lieutenant would allow Plaintiff to see mental health. (FAC ¶ 6.) Plaintiff complied and it was not until Plaintiff was alone with Dr. Adair that he told what had occurred. (FAC ¶ 6.) Plaintiff, in fear for his life, begged Dr. Adair to have him transferred from CCI Tehachapi. (FAC ¶ 6.)

On March 30, 2016, prior to being transferred from CCI Tehachapi, Officer Montanez approached Plaintiff's cell and was outraged when he discovered Plaintiff was going to be transferred. (FAC ¶ 7.) Officer Montanez told Plaintiff that he would never get his property in one piece unless he dropped his grievance. (FAC ¶ 7.) Plaintiff did not believe that Officer Montanez had the power to follow through on the threat of retaliation, but he never saw his personal property again until August 21, 2016. (FAC ¶ 7.) When he received his property, Plaintiff's television was broken; his CD player was destroyed; and a hot pot, several items of clothing, and a book manuscript were missing. (FAC ¶ 7.) Plaintiff contends that the destruction of his property was invidious discrimination based on Officer C. Montanez retaliatory tactics due to Plaintiff refusing to drop the grievance. (FAC ¶ 7.)

On May 3, 2017, Plaintiff was housed in a crisis bed on suicide watch at California State Prison, Lancaster ("CSP Lancaster") and Sergeant Carranza, supervising officer of "R&R", told Plaintiff, "I know who you are. You will never get your property and you will die in prison. We broke all your stuff and we are going to you [sic] if you don't drop that lawsuit you will never see your property." (FAC ¶ 8.) Sergeant Carranza also told Plaintiff that if he did not drop this lawsuit he and his friends at Tehachapi were going to kill Plaintiff and his family. (FAC ¶ 8.)

Plaintiff transferred to Vacaville Mental Hospital in October 2016, and Sergeant Carranza intentionally delayed and interfered with Plaintiff getting his property. (FAC ¶ 8.) Sergeant Carranza did not provide Plaintiff with his personal property as he promised when Plaintiff was

5

transferred to Mule Creek State Prison on January 25, 2017. (FAC ¶ 8.) Plaintiff's personal property arrived at CSP Lancaster and was last seen on August 21, 2016. (FAC ¶ 8.)

After Plaintiff was transferred from CCI Tehachapi to CSP Lancaster, officials at CCI Tehachapi falsified an incident report against him for battery on a peace officer. (FAC ¶ 6.) As a direct result of the incidents that occurred on March 1 and 2, 2016, Plaintiff had several nervous breakdowns and was placed on suicide watch over ten times while he was at CSP Lancaster; Vacaville Prison, Stockton-Sacramento Hospital, and Mule Creek State Prison. (FAC ¶ 6.) Plaintiff is seeking monetary damages and injunctive relief. (FAC ¶¶ 19, 20.)

## IV.

## DISCUSSION

### A. Joinder

As Plaintiff was advised in the July 18, 2017 order addressing his motion to file an amended complaint, a basic lawsuit is a single claim against a single defendant and all claims in his amended complaint must be properly joined under Rule 18 or 20 of the Federal Rules of Civil Procedure. This action is currently proceeding against Defendants Hernandez, Cramer, and Zuniga for excessive force in violation of the Eighth Amendment for the incidents alleged to have occurred on March 1 and 2, 2016. (ECF Nos. 6, 8.) In the the first amended complaint, Plaintiff seeks to add claims against Officer Montanez and Sergeant Carranza based on threats of retaliation to Plaintiff's property, person, and family.

The retaliation claims in the first amended complaint are not against the same defendants that are alleged to have acted on March 1, 2016, or March 2, 2016. Therefore joinder must be proper under Federal Rule of Civil Procedure 20(a)(2) which allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." In determining if the claims are related, the Court also considers that unrelated claims that involve different defendants must be brought in separate lawsuits. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of

bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Here, the retaliation claims are not related to the Eighth Amendment claims already proceeding in this lawsuit. While Plaintiff contends that the retaliation is because of the excessive force claims that he has raised herein, the retaliation claims are not part of the same "transaction, occurrence, or series of transactions" that are proceeding in this action. Further, there are not common questions of law or fact in regards to these claims. While the fact that Plaintiff alleged excessive force, filed a grievance, or filed this lawsuit would be raised in a lawsuit for retaliation against Officer Montanez and Sergeant Carranza, the facts of what occurred on March 1, 2016 or March 2, 2016 are not necessary to presentation of Plaintiff's retaliation claims. The Court finds that Plaintiff's claims against Officer Montanez and Sergeant Carranza are improperly joined in this action and recommends that the claims be dismissed from this action without prejudice.

**B. Eighth Amendment Claims**

The Eighth Amendment prohibits inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). Conditions must not involve the wanton and unnecessary infliction of pain, Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted), thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment, Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

1. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th

7

Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Liberally construed, Plaintiff's complaint alleges that he was yelling "Man Down" for hours to get medical attention due to the pain in his broken hand and when Officer C. Hernandez responded he failed to provide medical help, beat Plaintiff up, and left him in his cell in pain. Plaintiff states a cognizable claim against Officer C. Hernandez for deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment. However, the allegations in the complaint are insufficient to state a cognizable claim of deliberate indifference to a serious medical need against any other named defendant.

2. <u>Excessive Force</u>

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the

malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

The allegations in the first amended complaint are sufficient to state a claim against Officer C. Hernandez, Officer Flores-Alvarenga, Officer Zuniga, and Officer Cramer for excessive force in violation of the Eighth Amendment.

### C. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff's allegations that Officer C. Hernandez, Officer Flores-Alvarenga, and Officer Zuniga threatened to harm him if he told about the beatings are sufficient to state a cognizable claim for retaliation in violation of the First Amendment.

### D. Equal Protection

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. Wolff v. McDonell, 418 U.S. 539, 556 (1974); see also Turner v. Safley, 482 U.S. 78, 84 (1987); Bell v. Wolfish, 441 U.S. 520, 545 (1979). There are two ways for a plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v.

Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Here, Plaintiff alleges that he is African-American and Officer C. Hernandez and Officer Cramer used racial slurs during the incidents alleged. The fact that Plaintiff is a member of a protected class and that racial slurs were uttered is insufficient for the Court to infer discriminatory conduct because of Plaintiff's race. Iqbal, 556 U.S. at 678-79. Plaintiff has failed to set forth sufficient factual allegations to state an equal protection claim. The Court recommends that the equal protection claims be dismissed without leave to amend.

### E. Injunctive Relief

Plaintiff seeks for the Court to issue an order protecting him from retaliation which would be a request for injunctive relief. " 'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.' " Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004). Indeed, a court's duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, a task for which courts are ill-equipped. Toussaint v. McCarthy, 801 F.2d 1080, 1086 (9th Cir. 1986), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Additionally, requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Further, federal courts only decide live cases and controversies. U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980). When a party lacks a legally cognizable interest in the outcome the issue becomes moot. Id.

Here, the claims proceeding in this action provide personal jurisdiction over Officers C. Hernandez, Flores-Alvarenga, Zuniga, and Cramer. While Plaintiff seeks an order protecting him from retaliation, he is no longer incarcerated at CCI Tehachapi. Since Plaintiff is no longer housed at CCI Tehachapi, he would receive no benefit from an order requiring the defendants in this action to not retaliate against him. "Prisoners who have been released from prison or transferred to a different prison may not sue for injunctive relief because they would no longer benefit from having the injunction issued." Rupe v. Cate, 688 F.Supp.2d 1035, 1043 (E.D. Cal. 2010) (citing Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); and Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986)); but see Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) (claim may not be moot where inmate seeks injunctive relief addressing the system as a whole). To the extent that Plaintiff seeks an order directed at other individuals, this Court does not have jurisdiction to issue such an order. Plaintiff's claim for injunctive relief should be dismissed as moot.

## V.

## CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint states a claim against Officers C. Hernandez, Flores-Alvarenga, Zuniga, and Cramer for excessive force in violation of the Eighth Amendment; and against Officers C. Hernandez, Officer Flores-Alvarenga, and Officer Zuniga for retaliation in violation of the First Amendment. The complaint fails to state any other claims for relief or the claims alleged are improperly joined in this action. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff was unable to correct the deficiencies in the first amended complaint. The Court finds that granting further leave to amend would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

///

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed against Officers C. Hernandez, Flores-Alvarenga, Zuniga, and Cramer for excessive force in violation of the Eighth Amendment; against Officers C. Hernandez, Officer Flores-Alvarenga, and Officer Zuniga for retaliation in violation of the First Amendment; and against Officer C. Hernandez for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment;

2. All other claims against Officers C. Hernandez, Flores-Alvarenga, Zuniga, and Cramer be dismissed without leave to amend for failure to state a claim;

3. The claims against Officer Montanez and Sergeant Carranza be dismissed without prejudice as they are improperly joined in this action pursuant to Rule 20 of the Federal Rules of Civil Procedure; and

4. Plaintiff's claim for injunctive relief be dismissed as moot.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 9, 2017**

UNITED STATES MAGISTRATE JUDGE