# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT J. SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. HERNANDEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01267-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECEIVE COURT APPOINTED LAWYER IN THE INTEREST OF JUSTICE<br><br>(ECF No. 48) |

Plaintiff Delbert J. Smith is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currenty before the Court is Plaintiff's motion seeking a court appointed lawyer in this action, filed on December 13, 2017. (ECF No. 48.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).[1] However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

---

[1] Plaintiff states that he would like to exercise his constitutional right to a lawyer. There is no constitutional right to appointed counsel in a § 1983 action. Storseth v. Spellman, 645 F.2d 1349, 1353 (9th Cir. 1981) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1093) (9th Cir. 1980).

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff asserts that he is indigent, has no legal training, and feels his case would be better served through the appointment of professional counsel. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Here, the record reflects that Plaintiff is able to adequately articulate his claims. The Court has screened his complaint and found he has stated some claims upon which he may proceed. Those claims are not complex.

Although the Court found Plaintiff has stated some claims, at this early stage in the litigation, the Court is unable to find any likelihood of success on the merits. Thus, in the present case, the Court does not find the required exceptional circumstances to attempt the search for voluntary counsel to appoint here.

Accordingly, Plaintiff's motion for appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 15, 2017**

UNITED STATES MAGISTRATE JUDGE