**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELBERT J. SMITH, | ) Case No.: 1:16-cv-01267-LJO-SAB (PC) |
| Plaintiff, | ) ORDER REGARDING NOTICE OF |
| | ) SUBMISSION OF DOCUMENT IN ACCORD |
| v. | ) WITH SEPTEMBER 27, 2017 ORDER |
| C. HERNANDEZ, et al., | ) (Doc. No. 44) |
| Defendants. | ) |
| | ) |

**I.**

**INTRODUCTION**

Plaintiff Delbert J. Smith is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On July 26, 2017, Plaintiff filed a motion for issuance of a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45, filed on July 26, 2017. (ECF No. 31.) On September 27, 2017, the Court ordered Defendants to produce certain materials sought by Plaintiff in his motion, as the Defendants agreed that the request should have been directed at them. (ECF No. 38.) Certain objections were also ruled upon. In pertinent part, Defendants objected that privileges may apply to some of the information requested, and thus the Court directed that any privilege asserted should be set forth on a privilege log and the withheld material provided to the Court for in-camera review. (*Id*. at 3)

1

On November 27, 2017, Defendants filed the instant notice of submission of documents, with a declaration in support by the Litigation Coordinator at California Correctional Institution ("CCI"). (ECF No. 44.) Regarding Plaintiff's request 3F seeking "D.O.M. procedure for 'non-responsive' and 'man down' emergency procedures," Defendants responded that no relevant, responsive version of their restricted policy is available, because they could not locate a version of such policy which was in effect in March 2016, during the time of the events at issue. Defendants further produced a privilege log for the 2017 D.O.M. § 55090R, enacted in April 2017. They argue that such policy is not relevant or responsive, and is also confidential on the grounds of safety and security. However, they further assert that the 2016 D.O.M. § 51020.12.2, which is not restricted, outlines the policy for immediate extractions when an imminent threat exists, including for non-responsive inmates, and that this material could be provided to Plaintiff without endangering institutional or staff safety.[1]

## II.

## DISCUSSION

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

However, the court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). In such situations, the Court must limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

---

[1] This matter was not addressed while the Court and the parties were engaged in settlement conference preparations and negotiations for the past several months. On March 23, 2018, a settlement conference was held, and this matter did not settle. (ECF No. 57.)

Id. "In each instance, the determination whether ... information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's Note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

In this case, Plaintiff alleges that excessive force was used on him on March 1, 2016 after he cried, "Man Down" to get medical attention, and on March 2, 2016 when he was being removed from his cell. (ECF No. 32.) Thus, the relevant time period at issue is March 2016. Therefore the Court agrees with Defendants that the 2017 D.O.M. § 55090R, which was enacted in April 2017, nearly a year after the events at issue, is not relevant to this action and is not responsive to Plaintiff's document request. Therefore, on those grounds the Court finds that the document need not be produced to Plaintiff, and the Court need not reach the issue of Defendants' assertions of privilege.[2]

According to the declaration submitted by the Litigation Coordinator at CCI, a search was made and the 2016 version of the restricted policy cannot be located. However, the record on this matter is insufficiently developed for the Court to make a determination that a diligent and reasonable inquiry was made.

"[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotations and citations omitted). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) (alteration in original) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991)). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472.

When a party asserts that it does not have responsive documents, it must come forward with an explanation of the search conducted "with sufficient specificity to allow the court to determine

---

[2] As of November 9, 2017, findings and recommendations remain pending regarding additional allegations Plaintiff seeks to add to this action, including of allegedly retaliatory property destruction on March 30, 2016, and alleged threats of retaliation on May 3, 2017, when Plaintiff was then-housed at California State Prison, Lancaster ("CSP-Lancaster"). (ECF No. 43.) The Court finds that the final ruling on those findings and recommendations does not impact this discovery dispute, because the April 2017 policy concerning emergency responses bears no logical relationship to Plaintiff's retaliation allegations.

whether the party made a reasonable inquiry and exercised due diligence." Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012). Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents. See Meeks v. Parsons, No. 1:03-cv—6700-LJO-GSA, 2009 WL 3003718, *4 (E.D. Cal. Sept. 18, 2009). "If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." Milner v. Nat'l Sch. of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977).

In this case, no information was given in the Litigation Coordinator's declaration. Although the prior policy may not be immediately available at CCI, if other departments or institutions of CDCR have the 2016 policy in question, such materials are within the reasonable control of the responding party.

Therefore, Defendants shall be ordered to ensure a diligent search was conducted and shall produce the 2016 version of D.O.M. § 55090R if it is located, within fourteen (14) days. If Defendants object to the production on the grounds of a privilege, they shall submit a privilege log and provide any withheld materials to the Court for in-camera review, as set forth in the Court's September 26, 2017 order. If the materials are not located, Defendants shall submit a report indicating the efforts used to obtain the information for the Court's review.

Defendants have disclosed the existence of the 2016 D.O.M. § 51020.12.2, which is not restricted, and which they concede is responsive to the request and not objectionable on relevancy grounds. Accordingly, the Court will require that this policy be produced to Plaintiff, within fourteen (14) days.

Defendants also request for a protective order in the event that the Court required the restricted 2017 D.O.M. § 55090R policy to be produced to Plaintiff. However, for the reasons discussed above, this policy will not be required to be produced, and therefore Defendants' request is denied. The documents submitted for in-camera review will be destroyed pursuant to Defendants' request.

///

///

//

**III.**

**CONCLUSION**

For the reasons explained, it is HEREBY ORDERED that:

1.      Within fourteen (14) days of this order, Defendants shall make a diligent search and produce the 2016 version of D.O.M. § 55090R to Plaintiff. If they object to such production to the production on the grounds of a privilege, they shall submit a privilege log and provide any withheld materials to the Court for in-camera review, as set forth in the Court's September 26, 2017 order. If the materials are not located, Defendants shall submit a report indicating the efforts used to obtain the information, also within fourteen (14) days of this order; and

2.      Within fourteen (14) days of this order, Defendants shall produce to Plaintiff the unrestricted 2016 D.O.M. § 51020.12.2.


IT IS SO ORDERED.

Dated:   __**April 2, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE