# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT J. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>C. HERNANDEZ, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01267-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF LOCAL CO-COUNSEL<br><br>(ECF No. 78) |

Plaintiff Delbert J. Smith is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currenty before the Court is Plaintiff's motion seeking appointment of co-counsel pursuant to Local Rule 182(h). (ECF No. 78.) Local Rule 182(h) provides that the Court has the discretion to require an attorney to act as co-counsel with the authority to act as attorney of record for all purposes. Plaintiff's request is in reality a request for appointment of counsel as he is proceeding pro se in this action.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff asserts that he has mental health issues and a hand injury that cause him difficulty in proceeding without assistance in this action. Here, the record reflects that Plaintiff is able to adequately articulate his claims. The Court has screened his complaint and found that he has stated claims against Defendants Hernandez, Cramer, and Zuniga for excessive force in violation of the Eighth Amendment. The claims proceeding in this action are not complex. Further, Plaintiff's motion for appointment of counsel clear and articulate.

Although the Court found Plaintiff has stated some claims, at this early stage in the litigation, the Court is unable to find any likelihood of success on the merits. Thus, in the present case, the Court does not find the required exceptional circumstances to attempt the search for voluntary counsel to appoint here.

Accordingly, Plaintiff's motion for appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **October 1, 2018**

UNITED STATES MAGISTRATE JUDGE