# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT J. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>C. HERNANDEZ, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01267-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br>(ECF No. 63)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 86)<br><br>**THIRTY DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Delbert J. Smith is appearing *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. He proceeds on his first amended complaint against Defendants Hernandez, Flores-Alvarenga, Zuniga, and Cramer for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment, and against Defendant Hernandez for deliberate indifference in violation of the Eighth Amendment. (ECF. No. 32.)

Plaintiff's claims arise out of events on March 1 and March 2, 2016, while he was incarcerated at the California Correctional Institute, in Tehachapi ("CCI"). (First Am. Compl., ECF No. 32.) Plaintiff alleges that on March 1, 2016, Defendants Hernandez, Flores-Alvarenga, Zuniga, and other unnamed officers, beat him while he was handcuffed. Plaintiff further alleges that he was threatened not to tell of the beatings, or that he would be killed.

On March 2, 2016, Defendant Cramer allegedly came to Plaintiff's cell to take him to A-Yard Mental Health, and Cramer twisted Plaintiff's injured hand while handcuffing him. Plaintiff further alleges that after he demanded to speak to a lieutenant, Defendant Cramer lobbed pepper spray grenades into Plaintiff's cell, and Plaintiff passed out, resulting in injuries.

On July 19, 2018, Defendants Cramer, Hernandez, and Zuniga filed an answer to the first amended complaint. (ECF No. 68.) On September 13, 2018, Defendant Flores-Alvarenga filed an answer to the first amended complaint. (ECF No. 75.) A discovery and scheduling order had previously been issued on February 1, 2017, (ECF No. 17), and amended on November 29, 2017, (ECF No. 46).

On June 20, 2018, Plaintiff filed a motion to compel, asserting that he required further discovery. (ECF No. 63.) The substance of the motion shows that Plaintiff complains of confiscated property, including legal property, by non-defendant officers at California State Prison-Sacramento ("CSP-SAC"), in Represa, California. (Id. at 1-2.) Plaintiff seeks for the Court to compel the return of his confiscated legal property. (Id. at 2-3.) On July 5, 2018, Defendants filed an opposition to that motion. (ECF No. 65.) On July 19, 2018, Plaintiff filed a reply to the opposition. (ECF No. 69.)

On November 6, 2018, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 81.)[1] The motion seeks summary judgment in favor of Defendant Zuniga, arguing that the undisputed facts show that he was not involved in the alleged events, as he was not working on the day in question. The motion further seeks summary judgment in favor of Defendant Cramer, arguing that the claims against him are barred by the favorable termination rule of Heck v. Humphrey, 12 U.S. 477 (1994). Plaintiff filed an opposition on November 13, 2018. (ECF No. 88.) Defendants filed a reply to Plaintiff's opposition on November 15, 2018. (ECF No. 89.)

The above motions are now deemed submitted. Local Rule 230(l).

///

---

[1] Defendants' prior motion for summary judgment was stricken due to a redaction error. (ECF No. 87.)

# II.

# MOTION FOR SUMMARY JUDGMENT

**A. Legal Standards**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

**B. Discussion**

1. Undisputed Material Facts[2]

Although the events at issue in this case involve all the parties and are highly disputed, the material facts regarding Defendants' summary judgment motion are limited to the events involving Defendant Zuniga and Defendant Cramer. Thus, the Court focuses on those events.

---

[2] Defs.' Am. Statement of Undisputed Facts, ECF No. 86-3; Pl.'s Resp. to Defs.' Statement of Undisputed Facts, ECF No. 88, at 17-22.

3

Plaintiff Delbert J. Smith, CDCR No. F-78037 was at all times relevant to this action a prisoner incarcerated at CCI, in the custody of CDCR. Plaintiff is serving a determinate twenty two-year sentence. Defendants Zuniga and Cramer are and were correctional officers at CCI, employed by CDCR.

### a. March 1, 2016

Plaintiff's claims in this case concern events beginning on March 1, 2016. In summary, Plaintiff alleges that on that day, he was placed in an administrative segregation housing unit with a broken hand after a fight with a Sureno gang member. (First Am. Compl. ¶ 2.) He further alleges that after hours of crying "Man Down!" to get medical attention, Plaintiff was handcuffed by Defendant Hernandez, taken to a sally-port, and beaten by several officers, including Defendant Hernandez. (Id. at ¶ 3.)

Plaintiff then alleges that he remained in his cell for several hours, until 11:00 p.m. on March 1, 2016, crying out for help. (Id. at ¶ 4.) Plaintiff contends that he was then handcuffed again, this time by Defendants Flores-Alvarenga and Zuniga, and other unidentified officers, and taken across the yard. (Id.) Plaintiff alleges that he was again beaten, and told by Defendants Flores-Alvarenga and Zuniga not to tell anyone, or that he would be killed. (Id.) Although there is a dispute over whether these events occurred as Plaintiff has alleged them, there is no dispute that these allegations form the basis of Plaintiff's claim against Defendant Zuniga.

The undisputed facts shown that Defendant Zuniga in fact did not work at CCI on March 1, 2016. It was his regular day off. He reported for work on March 2, 2016, and worked a shift from 7:30 a.m. to 3:30 p.m. For that shift, he was assigned to A-6 Yard observation, in Administrative Segregation Unit 2. This is an armed post, outside of the building. (Decl. of Def. Zuniga, ECF No. 86-3, Ex. 4; Dec. of A. Chapman, ECF No. 86-3, Ex. 6.)

### b. March 2, 2016

Plaintiff's claim of excessive force against Defendant Cramer arises out of events on March 2, 2016. (First Am. Compl. ¶ 5.) The parties do not dispute that on that day, Defendant Cramer arrived at Plaintiff's cell and ordered Plaintiff to submit to handcuffs for an escort to mental health. (Id.; see also Decl. of Def. Cramer, ECF No. 83, Ex. 3.) There is a dispute about

what exactly occurred between Defendant Cramer and Plaintiff, discussed further below, but the parties agree that there was some struggle, some amount of fogger pepper spray was used against Plaintiff, and he was removed from his cell. (Decl. of Def. Cramer ¶¶ 6-7; First Am. Compl. ¶ 5.)

Defendant Cramer issued Plaintiff a rules violation report ("RVR") because of the March 2, 2016 events. Based on that RVR, Plaintiff was charged with a disciplinary rule violation for battery of a peace officer; namely, Defendant Cramer. (Decl. of K. Rodgers, ECF No. 83, Ex. 6; ¶¶ 3, 6.) In the RVR, Defendant Cramer wrote that when he attempted to handcuff Plaintiff through a food port, Plaintiff yanked on Cramer's hand, spun around, violently grabbing Defendant Cramer's left hand, and pulled his hand into the cell. (RVR CCI-FAA-16-03-0052, ECF No. 83, at 25.) Defendant Cramer further wrote that he could not free his left hand from Plaintiff, and thus deployed his MK-9 OC fogger pepper spray using his right hand "with an approximate eight to ten second burst, emptying the contents of the can[,]" while attempting to free himself. (Id.) Defendant Cramer next wrote that after he deployed the entire contents of his MK-9, Plaintiff let go of his left hand, and Defendant Cramer waited for responding staff. (Id.) According to the RVR, Defendant Cramer was later treated for a finger injury. (Id.) Plaintiff's first amended complaint disputes the version of events in the RVR that Defendant Cramer issued.

On May 3, 2017, Plaintiff pled no contest to battery by a prisoner on a non-confined person in violation of California Penal Code section 4501.5. According to the transcript of Plaintiff's plea hearing and the docket from his criminal case, all allegations of the battery count were admitted. Specifically, Plaintiff entered a no contest plea and stipulated to the factual basis for the felony plea. The Superior Court, County of Kern, found that Plaintiff's conduct was "unacceptable and criminal in nature," but that it "fortunately resulted in a relatively minor injury, in that the injury to the officer involved was an abrasion to a finger." (May 3, 2017 Transcript, People v. Delbert Smith, No. MF012247, ECF. No. 83, at 126-137.)

Plaintiff was convicted of this felony in the Superior Court and was sentenced to an upper term of four years of imprisonment for the battery on Defendant Cramer. (Plaintiff's Depo.

12:22-13:5 and 16:16-17:25; Abstract of Judgment dated May 12, 2017, ECF No. 83, at 97; Case File, People v. Delbert Smith, No. MF012247, ECF No. 83, at 100-124.) Plaintiff has not overturned this Superior Court conviction. (Plaintiff's Depo. 101:11-22.)

On August 17, 2017, Plaintiff was also found guilty of battery on a peace officer, Defendant Cramer, as charged in the RVR. The following evidence was used to support the finding of guilty against Plaintiff: the RVR authored by Defendant Cramer; the District Attorney's conclusion letter from Plaintiff's criminal case; Plaintiff's partial admission of guilt; the 7219 of Defendant Cramer; and the crime/incident package. (Decl. of K. Rodgers, ECF No. 83, Ex. 6; Disciplinary Hearing Results Log No. 311, ECF No. 83, at 51-64; District Attorney Aug. 3, 2017 Conclusion Letter, ECF No. 83, at 67; Crime/Incident Package CCI-FAA-16-03-0052, ECF No. 83, at 69-95.) Plaintiff was sanctioned 150 days of good behavior credit loss for this incident. The offense—battery on a peace officer—is categorized as a division B offense, and credits are not restorable for a division B offense. (Decl. of K. Rodgers ¶4.)

2. <u>Analysis</u>

**a. Defendant Zuniga**

Defendants argue that because the undisputed facts show that Defendant Zuniga was not present at CCI on March 1, 2016, when the events at issue occurred, Plaintiff cannot show that Defendant Zuniga violated Plaintiff's rights. Therefore, summary judgment should be granted in Defendant Zuniga's favor on the claims against him.

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988.) A person "subjects" another to the deprivation of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

1 In this case, Plaintiff's theory of liability is based on Defendant Zuniga's participation in
2 an alleged beating on March 1, 2016, and alleged threats to Plaintiff not to tell about the beating
3 under threats of being killed. However, the undisputed evidence is that Defendant Zuniga was
4 not present at CCI on March 1, 2016, and therefore he could not have been involved in the events
5 at issue. Thus, the Court finds that Plaintiff cannot show that Defendant Zuniga violated his
6 constitutional rights, and summary judgment must be granted in Defendant Zuniga's favor.

7 Plaintiff opposes summary judgment, but has not shown any sufficient dispute of material
8 fact here. He argues that Defendant Zuniga may have been at CCI unannounced, despite not
9 being required to be at work, and then participated in the alleged events without being seen or
10 witnessed by anyone involved.

11 The moving party bears the burden of showing that there are no genuine issues of
12 material fact. Zoslaw v. MCA Distrib. Corp., 693 F.2d 870, 883 (9th Cir. 1982). Once the
13 moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion
14 to "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty
15 Lobby, Inc., 477 U.S. 242, 256 (1986). The nonmoving party "must produce specific evidence,
16 through affidavits or admissible discovery material, to show that the dispute exists," Bhan v.
17 NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show
18 that there is some metaphysical doubt as to the material facts," Orr v. Bank of Am., NT & SA,
19 285 F.3d 764, 783 (9th Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
20 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the
21 plaintiff's position will be insufficient." Anderson, 477 U.S. at 252.

22 Here, Defendants have met their burden of showing no genuine issue of material fact, and
23 thus the burden shifts to Plaintiff. Plaintiff's argument in response is wholly speculative, as
24 Plaintiff presents no evidence in support of his contention that Defendant Zuniga might have
25 been at CCI on March 1, 2016. Plaintiff cannot meet his burden to resist summary judgment
26 through mere speculation and conjectures.

27 Plaintiff also argues that summary judgment is inappropriate here because Defendant
28 Zuniga may be liable for the failure to report an assault against Plaintiff. Plaintiff again presents

7

no law or evidence in support of that argument. Further, Plaintiff does not proceed upon such a claim against Defendant Zuniga in this case. A plaintiff cannot raise a claim for the first time in opposition to a summary judgment motion, when the factual basis for the claim is not pleaded in the operative complaint. See Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968 (9th Cir. 2006) (affirming summary judgment where the complaint did not give fair notice of the factual basis for a claim raised for first time in opposition to summary judgment). Here, Plaintiff's first amended complaint alleges excessive force and retaliation against Defendant Zuniga, but does not allege a claim for any failure to report, assuming such a claim were cognizable under Section 1983.

For these reasons, the Court recommends that summary judgment be granted in favor of Defendant Zuniga on Plaintiff's claims for excessive force in violation of the Eighth Amendment, and retaliation in violation of the First Amendment, with prejudice.

### b. Defendant Cramer

Defendants next argue that Plaintiff's excessive force claim against Defendant Cramer is barred by the favorable termination rule, also known as the *Heck* bar. They argue that because Plaintiff was both convicted of a criminal felony and sentenced to four years imprisonment, and sanctioned with a 150-days credit loss through institutional discipline, for the same conduct that he bases his claim upon, his claim is barred.

A state prisoner cannot challenge the fact or duration of their confinement in a Section 1983 action; their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to Section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486–487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [Section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81–82.

The Heck bar also applies in the prison disciplinary context if the "defect complained of by [Plaintiff] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits[,]" Edwards , 520 U.S. at 646; Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002), and if the restoration of those credits "necessarily" would "affect the duration of time to be served," Muhammed v. Close, 540 U.S. 749, 754 (2004) (per curiam). See also Nettles v. Grounds, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc) ("Heck applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served.'" (citations omitted)); Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) ("[T]he applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement.").

The defendant has the burden of demonstrating that Heck bars a plaintiff's Section 1983 claim. See Sandford v. Motts, 258 F.3d 1117, 1119 (9th Cir. 2001). "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)). "In evaluating whether claims are barred by Heck, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1153–54 (9th Cir. 2002) (quoting Heck, 512 U.S. at 487 n.6). Thus, a plaintiff's claims are barred when they depend on a theory that calls into question whether he committed the offense for which he was convicted.

Plaintiff argues that his claim is not Heck-barred because Defendant Cramer's RVR was entirely false, and the events did not happen as Defendant Cramer described them in the RVR, nor as they were found in the criminal or institutional disciplinary proceedings. Plaintiff argues that his no contest plea was done because he felt under duress from the false charges and from

the fear of being housed at CCI again. Plaintiff does not dispute that he has not overturned his criminal conviction or disciplinary punishment, but contends that he plans to do so.

Defendants have met their burden to show that the Heck bar applies here, and Plaintiff's arguments confirm that his claim is barred. According to Plaintiff's opposition, his theory of liability against Defendant Cramer in this Section 1983 action is that Defendant Cramer assaulted Plaintiff during the handcuffing incident by twisting his hand, and that any pulling of Defendant Cramer was either an involuntary reaction to being hurt, or a use of reasonable self-defense. Plaintiff further argues that he never yanked on Defendant Cramer and that he was not a threat to Defendant Cramer, and therefore the use of any force was excessive under the circumstances. Further, Plaintiff disputes that Defendant Cramer used pepper spray against Plaintiff to free himself from Plaintiff's grasp, but instead argues that he was entirely non-combative and confined in his cell, and that he never grabbed Defendant Cramer's hand. Plaintiff contends that Defendant Cramer used his two free hands to deploy two pepper spray fogger bombs in the Plaintiff's cell without any cause, and that he was attempting to kill Plaintiff.

A finding in Plaintiff's favor in this case would necessarily imply the invalidity of Plaintiff's criminal conviction and disciplinary punishment, as Plaintiff's theory depends on a finding that there was no cause for use of any force. Instead, Plaintiff's claim is that Defendant Cramer assaulted and then attempted to kill Plaintiff, and Plaintiff is not guilty of the battery felony to which he pleaded no contest. See Cunningham, 312 F.3d at 1154 (excessive force claims barred by Heck to the extent inconsistent with the theory that plaintiff did not provoke the police shooting, because his conviction for felony murder required the jury to find he intentionally provoked a deadly police response, and that he did not act in self-defense). See also Burton v. Chenoweth, No. 2:14-cv-2331-KJN, 2015 WL 7758476, at *3 (E.D. Cal. Dec. 2, 2015) (claim that defendant used excessive force by pepper spraying plaintiff for no reason would invalidate the plaintiff's disciplinary conviction, which is barred by Heck and Edwards) (footnote omitted); Farley v. Virga, No. 2:11-cv-1830-KJM-KJN, 2013 WL 3992392, at *6 (E.D. Cal. Aug. 1, 2013) (claims barred to the extent they depend on the theory that plaintiff did not

lead or participate in a riot when he was found guilty of doing so, because such claims implicate the validity of the prison discipline).

Accordingly, the Court finds that Plaintiff's Eighth Amendment excessive force claim against Defendant Cramer is barred by Heck, because a favorable termination on those claims would imply the invalidity of his convictions, which have not been overturned. As a result, the Court recommends that Defendants' motion be granted, and the claim against Defendant Cramer be dismissed, without prejudice. See Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1055 (9th Cir. 2016) (Heck dismissal is made without prejudice); Belanus v. Clark, 796 F.3d 1021, 1025 (9th Cir. 2015) (same).

## IV.

## MOTION FOR INJUNCTIVE RELIEF

Finally, the Court turns to Plaintiff's motion to compel, in which Plaintiff seeks for the Court to compel non-defendant prison officials at CSP-SAC to return confiscated legal property. The Court construes Plaintiff's motion to compel as a motion seeking preliminary injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2). The pendency of this action does not give the Court jurisdiction

over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

Here, Plaintiff fails to provide a sufficient basis to warrant injunctive relief regarding his confiscated property. This action is proceeding on the claims identified above against Defendants at CCI, not against any prison officials at CSP-SAC. As explained above, the pendency of this action does not give the Court jurisdiction over prison officials generally or over any officers at CSP-SAC. See Rhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1991) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district … court, without which the court is powerless to proceed to an adjudication.") Plaintiff has also failed to demonstrate immediate threatened injury, which is a prerequisite to preliminary injunctive relief. For these reasons, the Court finds that Plaintiff's motion for a preliminary injunction must be denied.

**V.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to compel, filed on June 20, 2018 (ECF No. 63), be denied; and
2. Defendants' amended motion for summary judgment, filed on November 6, 2018 (ECF No. 86), be granted;
3. Plaintiff's claims against Defendant Zuniga for excessive force in violation of the Eighth Amendment, and retaliation in violation of the First Amendment, be dismissed with prejudice; and
4. Plaintiff's Eighth Amendment excessive force claim against Defendant Cramer be dismissed, without prejudice, as barred by the favorable termination rule of Heck v. Humphrey, 12 U.S. 477 (1994).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty**

**(30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 26, 2018**

UNITED STATES MAGISTRATE JUDGE

13