# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DELBERT J. SMITH, | Case No. 1:16-cv-01267-SAB (PC) |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANTS' REQUEST FOR BRIEFING OR FURTHER CLARIFICATION OF THE COURT'S SEPTEMBER 27, 2017 ORDER |
| v. | |
| C. HERNANDEZ, et al., | (ECF Nos. 38, 102) |
| Defendants. | |

Plaintiff Delbert J. Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 27, 2017, the Court issued an order requiring Defendants to produce certain materials that Plaintiff sought in a request for the issuance of a subpoena duces tecum. (ECF No. 38.)

On March 4, 2019, Defendants filed a request for briefing or further clarification of the Court's September 27, 2017 order. (ECF No. 102.) In their request, Defendants assert that their counsel acquired additional documents regarding Defendant Hernandez, which have been identified in a supplemental response and privilege log served on Plaintiff concurrent with their request to the Court. Defendants state that they object to the production of these documents on the grounds of relevance, privilege, and the fact that other officers, apart from Defendant Hernandez, are named in the documents. Finally, Defendants contend that, since the Court's September 27, 2017 order did not provide for briefing or seem to contemplate a document that would identify multiple non-defendants, they should have the opportunity to brief their objections and privilege assertion, before submitting in-camera, or they should be given twenty-one days to

1

1 submit, in camera, a proposed redacted version of the withheld documents, along with an
2 unredacted version of the withheld documents.

3 However, under Federal Rule of Civil Procedure 26(e)(1)(A), Defendants have a
4 continuing duty to supplement their response to Plaintiff's request for production of documents
5 "in a timely manner if the party learns that in some material respect the disclosure or respect is
6 incomplete …, and if the additional … information has not otherwise been made known to the
7 other parties during the discovery process or in writing[.]" "[Defendants] are expected to
8 supplement … their [discovery responses] promptly when required under that Rule, without the
9 need for a request from opposing counsel or an order from the Court." Jones v. Travelers
10 Casualty Insurance Company of America, 304 F.R.D. 677, 679 (N.D. Cal. 2015).

11 Here, Defendants have notified Plaintiff that Defendants' counsel has acquired additional
12 documents regarding Defendant Hernandez and has served a supplemental response and privilege
13 log on Plaintiff identifying those additional documents. If Plaintiff is dissatisfied with
14 Defendants' supplemental response, Plaintiff may move for relief from the discovery deadline
15 pursuant to Federal Rule of Civil Procedure 16(b)(4) and file a motion to compel a further
16 supplemental response regarding the additional documents concerning Defendant Hernandez
17 pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). Unless and until Plaintiff files a motion
18 to compel, Defendants do not need to brief their objections and privilege assertion and do not
19 need to provide the Court copies of the unredacted and proposed redacted version of the withheld
20 additional documents. Local Rule 250.3(c). Similarly, Defendants could move for relief from the
21 discovery deadline pursuant to Federal Rule of Civil Procedure 16(b)(4) and seek a motion for
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

protective order under Federal Ruel of Civil Procedure 26(c)(1) setting forth the basis of the protective request and stating why the documents were not discoverable during the discovery phase.

Accordingly, Defendants' request for briefing or further clarification of the Court's September 27, 2017 order, (ECF No. 102), is HEREBY DENIED as the order is clear and the rules provide the answer to the request.

IT IS SO ORDERED.

Dated: __**March 6, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE